UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL MCAFEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-00161-SRW |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Michael McAfee's petition for writ of mandamus. (Docket No. 1). For the reasons discussed below, the petition will be denied, and this action dismissed, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On November 4, 2016, a jury convicted him of first-degree murder and armed criminal action. *State of Missouri v. McAfee*, No. 15SL-CR02152-01 (21st Jud. Cir., St. Louis County).[1] Petitioner was sentenced on December 8, 2016 to life imprisonment without the possibility of parole on the first-degree murder charge, and life imprisonment on the armed criminal action charge. On December 19, 2016, he filed a notice of appeal, arguing that witnesses improperly testified to the victim's out-of-court statements, and that a mistrial should have been declared after he was threatened during trial by the victim's relatives.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On February 6, 2018, the Missouri Court of Appeals affirmed the judgment of the circuit court. *State of Missouri v. McAfee*, No. ED105129 (Mo. App. 2018). Petitioner's subsequent application to transfer his case to the Missouri Supreme Court was denied on May 22, 2018. *State of Missouri v. McAfee*, No. SC97061 (Mo. 2018).

On August 7, 2018, petitioner filed a timely motion to vacate, set aside, or correct judgment or sentence, pursuant to Missouri Supreme Court Rule 29.15. *McAfee v. State of Missouri*, No. 18SL-CC02954 (21st Jud. Cir., St. Louis County). In his motion, he alleged the ineffectiveness of both trial and appellate counsel on numerous grounds, including lack of due diligence, disregarding his requests, refusing to call certain witnesses, and failure to present evidence of alleged police brutality during his interrogation by police. Counsel was appointed, and an amended motion filed, asserting a single ground of relief regarding trial counsel's failure to present evidence that fingerprints found at the crime scene did not match petitioner's prints. Following an evidentiary hearing, the circuit court denied petitioner's Rule 29.15 motion on April 15, 2020.

Petitioner appealed the denial of his Rule 29.15 motion to the Missouri Court of Appeals. The Court of Appeals affirmed the judgment of the circuit court on April 20, 2021. *McAfee v. State of Missouri*, No. ED109000 (Mo. App. 2021). The mandate was issued on May 13, 2021.

On June 11, 2021, petitioner filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *McAfee v. Stange*, No. 1:21-cv-90-SRC (E.D. Mo.). The petition presented ten grounds for relief. Six grounds related to the trial court's decision to admit testimony regarding out-of-court statements, two grounds related to the trial court's decision not to declare a mistrial after two threatening outbursts were made toward petitioner in the jury's presence, one ground referred to the trial court's decision to allow the introduction of two notes found in petitioner's car, and one ground

2

argued that petitioner's trial counsel was ineffective for failing to introduce evidence that a crime scene fingerprint did not belong to petitioner. On November 23, 2021, the district court denied petitioner's petition for writ of habeas corpus, dismissed the petition with prejudice, and denied a certificate of appealability.

Petitioner appealed the dismissal of his 28 U.S.C. § 2254 petition to the United States Court of Appeals for the Eighth Circuit. On April 26, 2022, the Court of Appeals denied his application for a certificate of appealability and dismissed his appeal. *McAfee v. Stange*, No. 22-1023 (8th Cir. 2022). Petitioner's subsequent petition for rehearing by panel was denied on June 16, 2022. On June 24, 2022, petitioner filed a motion for appointment of counsel in the Court of Appeals. Because his motion for rehearing had already been denied, no action was taken on the motion.

On November 28, 2022, petitioner filed the instant action in this Court, which he has styled as a "Permanent Writ of Mandamus and Injunction." (Docket No. 1).

**The Petition**

Petitioner's twenty-eight page petition for writ of mandamus is typewritten on a boilerplate form titled "Form No. 16. Summary For Original Remedial Writs." The form has not been provided by this Court. The petition is directed against the State of Missouri, St. Louis County Prosecutor Wesley Bell, and Assistant Attorney General Patrick J. Logan. (Docket No. 1 at 1). In the section of the form for providing the "nature of the underlying action," petitioner states that he is seeking a permanent writ of mandamus and an injunction "barring any appeal from order to show cause why conviction and sentence [should] not…be vacated with prejudice and immediate release be granted." (Docket No. 1 at 2). With regard to the action being challenged, petitioner asserts that there has been "callous and reckless indifference [to his] federally guaranteed and

3

protected rights to due process," and that "false and perjured testimony based on a forced confession and beating" has been used against him.

As to the "relief" section of the form petition, petitioner seeks "release from unlawful imprisonment with prejudice" and "seeks emotional and mental injuries as well as any other damages a public jury may award." Petitioner ends the form complaint by noting that his motion for appointment of counsel in *McAfee v. Stange*, No. 22-1023 (8th Cir. 2022) has not been ruled upon.

Attached to the form petition is a typewritten document setting forth petitioner's grounds for relief, as well as his legal arguments. This document begins with petitioner asserting that the Court has jurisdiction under 18 U.S.C. § 242,[2] 28 U.S.C. § 1345,[3] 28 U.S.C. § 1348,[4] and 28 U.S.C. § 1441.[5] (Docket No. 1 at 3). None of these statutes actually provide a jurisdictional basis for petitioner's mandamus action. Regardless, petitioner declares that he is entitled to a "permanent writ of mandamus and injunction with [an] order" requiring respondents to "show just cause why relief should not be granted within 30 days." He further alleges that the "callous and reckless

---

[2] 18 U.S.C. § 242 is a federal criminal statute making it illegal for a person acting under color of law to willfully deprive a person of their rights under the constitution or federal law. This statute does not provide a private right of action, and therefore, cannot be used as a jurisdictional basis. *See Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action).

[3] 28 U.S.C. § 1345 governs actions in which the United States is a plaintiff, and provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." The Court notes that the United States is not the plaintiff in this action, and that this section does not provide a jurisdictional basis.

[4] 28 U.S.C. § 1348 governs actions in which a banking association is a party, and provides that "[t]he district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter." The Court notes that this case does not implicate an action in which a banking association is a party. Thus, this section does not provide a jurisdictional basis.

[5] 28 U.S.C. § 1441 governs the removal of civil actions, and provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Court notes that the instant action is not a removal action, and therefore, this statute does not provide a jurisdictional basis.

4

indifference" of respondents has resulted in the violation of his right to due process. More particularly, petitioner accuses respondents of using false evidence, of forcing his "confession on the threat of death," and of allowing county police officers to perjure themselves.

Petitioner next lists five separate grounds for relief, supported by citations to caselaw. In his first ground, he asserts that the State of Missouri relied "on false and perjured testimony" with regard to his confession being given freely and voluntarily. (Docket No. 1 at 3-4). Specifically, petitioner claims that he was threatened with physical injuries and death if he "did not confess to a crime," even though investigating officers "knew there were no [eyewitnesses] to place [him] at the crime scene on the time or date in question." (Docket No. 1 at 4).

In his second ground for relief, petitioner states that his *Miranda* rights were violated when his request to end his interview was ignored. (Docket No. 1 at 4-5). He explains that officers "initiated [a] custodial interrogation and continued to question [him] after accusing…him of murder," and after he had invoked his right "to remain silent and end the interrogation until counsel was appointed." (Docket No. 1 at 5).

In his third ground for relief, petitioner alleges prosecutorial misconduct in the "intentional suppression of exculpatory evidence." By way of support, he asserts that the prosecutor "suppressed the eyewitness testimony of Cheryl Altrogge," who was "the only witness [that] actually witnessed anyone going to the second floor…at the time and date of the murder." When Altrogge was shown a photo array, however, "she clearly stated that she could not truthfully testify that petitioner was the person she had seen." (Docket No. 1 at 11). Meanwhile, petitioner claims that a second witness, identified as "Mr. Newman," saw only a black male individual "in the lobby of the public building," and that Newman witnessed no criminal act. In addition to these witnesses, petitioner also asserts that his phone records show that he was in Marion, Arkansas at the time of

the murder, hundreds of miles away, but that the prosecution never put those phone records into evidence.

In his fourth ground for relief, petitioner contends that both the "trial court and the Missouri Court of Appeals clearly violated [his] rights to due process" because "confessions are clearly inadmissible as evidence."

Finally, in his fifth ground for relief, petitioner alleges that his counsel was ineffective in failing to enter video evidence purportedly showing "petitioner's beating by St. Louis County police officers," and failing to investigate injuries he suffered on the date of extradition. (Docket No. 1 at 12). Rather than trial strategy, petitioner attributes the failure to his counsel's "indolence or incompetence."

Based on the above, petitioner states that the "deception" in his case is "obvious," and that the respondent's "repeated reliance on false and perjured testimony caused this honorable court to overlook this injustice" in the petition for writ of habeas corpus he filed under 28 U.S.C. § 2254. According to petitioner, his exhibits and evidence demonstrate that he is entitled to relief, and that "as officers of the court," their "public duties were clear." (Docket No. 1 at 13).

Intermixed with his grounds for relief are various exhibits that have been marked by petitioner with both letters and numbers, and which are referenced in his arguments. The Court has reviewed these exhibits in the order in which they were received, noting that some exhibits have been marked twice with the same designation.

Exhibit A is a single page of a transcript from petitioner's custodial interrogation. (Docket No. 1 at 6). Exhibits 2A and 2B are two additional transcript pages from his custodial interrogation, in which petitioner states that he requested an end to the interview. (Docket No. 1 at 7-8). Exhibit 2 is the judgment of the United States Court of Appeals for the Eighth Circuit in Case Number 22-

6

1023, denying petitioner a certificate of appealability and dismissing the appeal of the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 1 at 15). Exhibit 1(A) is the motion to suppress statements filed in petitioner's criminal case. (Docket No. 1 at 16-17). Petitioner's second Exhibit A consists of a single page from the state court's denial of his Missouri Supreme Court Rule 29.15 motion. (Docket No. 1 at 18). Exhibits B and C are letters to petitioner from the Missouri State Public Defender System. (Docket No. 1 at 19-20). Exhibit D is a copy of the State of Missouri's motion to compel disclosure of a CD "containing a portion of a video made by the defendant and edited by him," which "is incomplete and…only a few seconds of a much longer recording." (Docket No. 1 at 21). Exhibit 4 consists of portions of a police report. (Docket No. 1 at 23-25). Finally, Exhibit 6(A) is petitioner's motion to suppress identification, which was filed in his criminal case. (Docket No. 1 at 26-27).

On January 9, 2023, the Court received additional exhibits from petitioner, some of which had already been submitted. (Docket No. 4). Those exhibits consisted of petitioner's motion to suppress statements in his criminal case; a single page from an unidentified legal document signed by attorney Portia Kayser, which is apparently seeking a response from petitioner; three pages from the transcript of petitioner's interrogation; and petitioner's motion for discovery in his criminal case.

On January 25, 2023, petitioner submitted two more exhibits to the Court.[6] (Docket No. 5). These exhibits consisted of affidavits from Yolanda Lawrence and Clarence Lawrence, both relatives of petitioner living in Arizona. The affidavits are identical, and state that each affiant observed scars, swelling, and injuries to petitioner when they visited him by video. According to

---

[6] The Court notes that a total of four documents were submitted as exhibits, with petitioner producing two affidavits, and two copies of those affidavits.

7

each affiant, two law enforcement officers beat petitioner, and then "conspired to escape accountability."

## Standard of Review

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

## Discussion

Petitioner is a state prisoner who has filed a petition for writ of mandamus against the State of Missouri, Prosecutor Wesley Bell, and Assistant Attorney General Patrick Logan, seeking to have his conviction overturned, and to be released immediately from imprisonment. The Court lacks jurisdiction to grant such a request. Therefore, for the reasons discussed below, the petition will be denied, and this action dismissed without prejudice.

### A. Writ of Mandamus

The issuance of a writ of mandamus is an "extraordinary remedy," and "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chemical Corp. v. Daiflon, Inc.*, 499 U.S. 33, 35 (1980).

None of the proposed jurisdictional bases offered by petitioner – 18 U.S.C. § 242, 28 U.S.C. § 1345, 28 U.S.C. § 1348, and 28 U.S.C. § 1441 – have any relevance to a mandamus action, or provide any authority for the Court to decide this case. Rather, the Court's authority to issue a writ of mandamus can come from either the All Writs Act, 28 U.S.C. § 1651, or the federal mandamus statute, 28 U.S.C. § 1361. *See Shaw v. Minnesota*, No. 2022 WL 3128970, at *1 (D. Minn. 2022). Here, neither statute provides a jurisdictional basis for petitioner's request.

### B. 28 U.S.C. § 1651

Pursuant to the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651(a); and *Organization for Competitive Markets v. U.S. Dep't of Agriculture*, 912 F.3d 455, 462 (8th Cir. 2018). Three conditions must be satisfied before a writ of mandamus under 28 U.S.C. § 1651(a) may issue. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004). First, the petitioner must have no other adequate means of attaining relief. *Id*. Second, the petitioner has "the burden of showing that his right to issuance of the writ is clear and indisputable." *Id*. at 381. Finally, the issuing court must be satisfied that the writ is appropriate under the circumstances, even if the first two prerequisites are met. *Id*.

9

In determining whether to issue a writ of mandamus under 28 U.S.C. § 1651, the Court notes that the actions of a "state court are completely outside the field in which" a district court can make judicial review and correction pursuant to 28 U.S.C. § 1651(a). *See Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963). That is, with regard to state charges or proceedings, a federal district court does not have either existing or potential jurisdiction to take action. *Id*. *See also Veneri v. Circuit Court of Gasconade Cty.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); and *Rivera v. Minnesota*, No. 2022 WL 4298745, at *1 (D. Minn. 2022) (explaining that "a writ to instruct a state court to perform judicial functions is not a writ in aid of this Court's proper jurisdiction"). If a state prisoner wishes to directly attack "the validity of his sentence, the proper vehicle is a habeas corpus action." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993). *See also Middlebrooks*, 323 F.2d at 486 (explaining that "if an unconstitutional restraint were to be imposed upon petitioner in the state proceedings, or as a result thereof, the question of the validity of such restraint could come within our appellate jurisdiction through habeas corpus attack").

In this case, petitioner names the State of Missouri, a prosecutor, and an assistant attorney general as respondents, though he does not explicitly seek to compel them to do anything. Instead, he makes a broad attack on his conviction and sentence in state court, focusing in large part on the actions of his attorneys, and his contention that his confession was involuntary. Clearly, petitioner believes that numerous courts and judges have made improper or incorrect rulings. Nonetheless, as noted above, the actions of state courts and state judicial officers are outside the realm of 28 U.S.C. § 1651. In other words, the Court cannot use a writ of mandamus to invalidate petitioner's

10

conviction, because the Court does not have either existing or potential jurisdiction over state proceedings, and cannot direct a state judicial officer in the performance of his or her duties. Such jurisdiction is necessary to issue a writ under the All Writs Act. Therefore, to the extent petitioner seeks a writ of mandamus under § 1651, the petition must be denied.

### C.  28 U.S.C. § 1361

Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the plaintiff can establish (1) a clear and indisputable right to the relief sought, (2) the state officer has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy." *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Furthermore, "the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971). A writ of mandamus cannot be used "to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." *Id*. at 1152-53.

Here, petitioner is not seeking a writ of mandamus "to compel an officer or employee of the United States or any agency thereof." Rather, he is seeking to have his state criminal conviction and sentence overturned by obtaining a writ of mandamus against the State of Missouri, a prosecutor, and an assistant attorney general. By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision does not give the Court jurisdiction to issue the writ of mandamus that petitioner seeks. Therefore,

to the extent that petitioner is seeking a writ of mandamus under § 1361, the petition must be denied.

### D. Construction of Petition for Writ of Mandamus as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254

The Court is cognizant that because petitioner is a self-represented litigant, it must liberally construe his pleadings. To that end, the Court recognizes that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). Nevertheless, even if the Court construed the instant petition for writ of mandamus as a habeas action arising under 28 U.S.C. § 2254, the petition would still be subject to dismissal.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th

Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

Here, as set forth above, petitioner has filed a prior 28 U.S.C. § 2254 petition for writ of habeas corpus. *See McAfee v. Stange*, No. 1:21-cv-90-SRC (E.D. Mo. June 11, 2021). The petition was denied on the merits, and the action dismissed, on November 23, 2021. The United States Court of Appeals denied a certificate of appealability and dismissed petitioner's subsequent appeal. *See McAfee v. Stange*, No. 22-1023 (8th Cir. 2022). Due to this earlier petition, petitioner's instant petition – if construed as arising under § 2254 – would be successive. Before bringing a successive petition under § 2254, petitioner must seek authorization from the Court of Appeals. That authorization has not been sought, much less granted, and thus, the petition would have to be dismissed.

It is possible that petitioner intended to use his petition for writ of mandamus as a way around the bar on second or successive habeas petitions in federal court. However, "[i]t is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). *See also Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009) (determining that petitioner's Rule 60(b) and Rule 59 motions constituted a second or successive 28 U.S.C. § 2254 petition for writ of habeas corpus, and was barred).

For these reasons, even if the Court construed the instant petition for writ of mandamus as a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court has no authorization to rule upon it, and would have to deny and dismiss the petition as successive.

13

### E. Summary Dismissal

The burden of proving subject matter jurisdiction belongs to petitioner. *See V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction"). The issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray*, 567 F.3d at 982.

In this case, as discussed more fully above, petitioner has filed a document styled as a petition for writ of mandamus. Instead of compelling an official to fulfill a duty, however, petitioner argues – and in some instances, re-argues – legal and factual issues that he has already litigated at trial, on direct appeal, in a state postconviction action, on appeal from the denial of that motion, in a petition for writ of habeas corpus under 28 U.S.C. § 2254, and in an appeal from the denial of that petition. Such a collateral attack is not a proper purpose for a writ of mandamus under 28 U.S.C. § 1651, as the actions of a state court and state judicial officers are matters "completely outside the field" where the Court is permitted to judicially review and correct. In short, § 1651 does not give the Court a jurisdictional basis to entertain this action. Likewise, because petitioner is not seeking "to compel an officer or employee of the United States or any agency thereof," 28 U.S.C. § 1361 provides no jurisdiction to act either.

The Court has considered whether to construe the petition for writ of mandamus as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Even if the petition were so considered, it would be a successive petition brought without authorization. Therefore, the Court could not entertain it.

For all these reasons, petitioner's petition for writ of mandamus must be denied, and this action dismissed without prejudice for lack of jurisdiction.

F.  **Motion for Leave to Proceed in Forma Pauperis**

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 3). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus (Docket No. 1) is **DENIED AND DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE